UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                          :
In re:                                                    :    Chapter 7
                                                          :
Philippe Miami Sobe, LLC,                                 :    Case No.  13-11636 (MG)
                            Debtor.                       :
---------------------------------------------------------X
DAVID R. KITTAY, TRUSTEE,                                 :    Adv. Pro. No.
                                                          :    14-          (MG)
          Plaintiff                                       :
                v.                                        :
                                                          :
DAVID S. LEE, MICHAEL REDA,                               :    **COMPLAINT**
STRATIS G. MORFOGEN and                                   :
PHILIPPE CHOW,                                            :
                                                          :
          Defendants.                                     :
---------------------------------------------------------X

David R. Kittay (the "Trustee" or "Plaintiff"), as Chapter 7 Trustee of Philippe Miami Sobe, LLC (the "Debtor"), by his attorneys, Kittay & Gershfeld, P.C., for his complaint (the "Complaint") against David S. Lee ("Lee"), Michael Reda ("Reda"), Stratis G. Morfogen ("Morfogen") and Philippe Chow ("Chow"; Lee, Reda, Morfogen and Chow are collectively referred to hereinafter as the "Defendants"), alleges as follows:

## **Background**

1.  Restaurant Network Establishment Services Inc. ("Restaurant") offers dining programs in partnership with major airline programs, several of the nation's largest bankcard issuers and dozens of national corporations. Participating restaurant clients benefit from Restaurant's marketing efforts through targeted marketing, access to capital to meet restaurant operations and/or growth needs and incentives that award members for repeat visits at restaurants.

1

2. Philippe Miami LLC ("PM"), an entity affiliated with the Debtor, initially entered into a Dining Credits Program Agreement (the "Agreement") with Restaurant pursuant to which PM received $295,000 (the "Funds") from Restaurant. Pursuant to the Agreement, Restaurant would purchase PM's rights to receive payment from PM's payment card processor ("Purchased Receivables"). The $295,000 advance was in exchange for Restaurant's right to receive $398,250 in Purchased Receivables from PM. PM's obligation to Restaurant was guaranteed by each of Lee, Reda, Morfogen and Chow.

3. At some point in 2011, PM, at the direction of one, some or all of the Defendants, transferred the $398,250 Purchased Receivables obligation to the Debtor. At the time of the Transfer, the amount of the obligation transferred was $177,956.30 (the "Transfer").

4. The Debtor made significant payments to Restaurant with respect to this obligation.

5. The Trustee now seeks, pursuant to Bankruptcy Code Sections 544 and 548 and New York State Debtor and Creditor Law Sections 273-278, to recover from the Defendants the monies paid to Restaurant by the Debtor.

**Jurisdiction and Venue**

6. On May 17, 2013, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

7. On May 21, 2013, David R. Kittay was appointed Chapter 7 Trustee for the Debtor's estate.

8. Plaintiff is the duly qualified and acting Trustee herein.

9. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157(b)(2)(A), (E), (H) and (O). This action is a core proceeding to be determined by the bankruptcy judge pursuant to 28 U.S.C. §157.

10. Venue lies in this Court pursuant to 28 U.S.C. §1409. The matters alleged in this complaint are triable to final judgment or order by this Court. Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Judge if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

11. The Trustee brings this suit pursuant to Bankruptcy Code Sections 542, 544, 548, 550 and 551 and New York State Debtor and Creditor Law Sections 273, 274, 275, 276, 276-A, 277 and 278.

### **The Parties**

12. The Plaintiff maintains an office at 100 White Plains Road, Tarrytown, New York 10591.

13. Defendant Lee maintains a residence at 5 Colonel Conklin Drive, Stony Point, New York, 10980.

14. Defendant Reda maintains a residence at 1416 Court N. Drive, Melville, New York 11747.

15. Defendant Stratis G. Morfogen maintains a residence at 1 Blueberry Lane, Hicksville, New York 11801.

16. Defendant Philippe Chow maintains a residence at 5 Colonel Conklin Drive, Stony Point, New York, 10980.

**The Initial Transaction**

17. The Debtor and Restaurant entered into the Agreement as of May 21, 2010. The Debtor and Restaurant also entered into a Security Agreement dated as of May 21, 2010 (the "Security Agreement") pursuant to which PM granted Restaurant a security interest in, among other things, all of PM's personal property and fixtures, tangible and intangible, wherever located, whether now owned or hereafter acquired.

18. To further secure Restaurant's advance to PM, Restaurant sought and obtained a personal guaranty from each of the Defendants. Specifically, on May 21, 2010, Chow executed a personal guaranty (the "Chow Guaranty") pursuant to which Chow guaranteed to Restaurant the "prompt, full and timely performance of any and all obligations and agreements of any kind of [PM] to [Restaurant] . . ." (the "Obligations").

19. Likewise, Restaurant sought and obtained an identical guaranty from Lee (the "Lee Guaranty"), Reda (the "Reda Guaranty") and Morfogen (the "Morfogen Guaranty"; the Lee Guaranty, the Reda Guaranty, the Morfogen Guaranty and the Chow Guaranty are collectively referred to hereinafter as the "Guaranties"). Reda and Lee are jointly and severally liable for the Obligations.

20. To the best of the Trustee's knowledge, PM received the Funds.

**The Secondary Transfer**

21. The Trustee's review of the Debtor's books and records, specifically the Debtor's annual general ledger, reveals that sometime in calendar year 2011, PM transferred its $177,956.30 liability to Restaurant (the "Transfer") to the Debtor.

22. Additionally, in 2011, the Debtor made payments totaling $4,216.27 (the "2011

4

Payments") to the Defendant.

23. The Debtor's 2012 general ledger reveals that the Debtor made payments aggregating $127,827.97 (the "2012 Payments") to Restaurant with respect to PM's payment obligation with respect to the Funds.

24. The Debtor's general ledger as of July 2, 2013, reveals that the Debtor made an additional $12,730.54 (the "GL 2013 Payments") in payments to Restaurant during calendar year 2012. The Debtor made an additional payment, not posted to the general ledger, of $5,701.92 in 2013 (the "2013 Payment"; the 2011 Payments, the 2012 Payments, the GL 2013 Payments and the 2013 Payment are collectively referred to hereinafter as the "Payments").

25. The Debtor received no consideration or benefits for the Payments it made to Restaurant.

26. However, each of Lee, Morfogen, Chow and Reda benefitted from the Transfer and the Debtor's Payments to Restaurant as the Transfer and the Payments reduced the Defendants' personal obligations to the Restaurant under the terms of the Guaranties.

## FIRST CLAIM FOR RELIEF

### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§544(b) and 550 and New York Debtor and Creditor Law §273)

27. Plaintiff repeats and realleges each and every allegation set forth above.

28. The Transfer and the Payments were made at a time when the Debtor was insolvent or in the zone of insolvency or rendered the Debtor insolvent or in the zone of insolvency. The Transfer and the Payments to Restaurant were made without fair consideration to the Debtor and constitute fraudulent conveyances as to creditors.

5

29.     The Trustee is asserting the rights of holders of unsecured claims whose unsecured claims date back to the date of the initial fraudulent conveyance. The Trustee is also asserting the rights of open trade account creditors who extended credit to the Debtor at the time of the fraudulent conveyances and who continued to do so until the time of the bankruptcy.

30.     By reason of the foregoing, such Transfer and Payments should be avoided and Plaintiff is entitled to set aside and recover the value of such Payments in an amount to be determined at trial, which is not less than $150,476.70, plus interest, from each of the Defendants.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§544(b) and 550 and New York Debtor and Creditor Law §274)

31.     Plaintiff repeats and realleges each and every allegation contained above.

32.     The Transfer and Payments in an amount not less than $150,476.70 were made while the Debtor was engaged in a business for which the property remaining in its hands after the Transfer and Payments was unreasonably small capital.

33.     The Transfer and the Payments were made without fair consideration and constitute fraudulent conveyances as to creditors at that time and as to other persons who became creditors during the continuance of the business.

34.     By reason of the foregoing, the Transfer and the Payments should be avoided and Plaintiff is entitled to set aside and recover the value of the Payments in an amount to be determined at trial, which is not less than $150,476.70, plus interest, from each of the Defendants.

## THIRD CLAIM FOR RELIEF

6

**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§544(b)
and 550 and New York Debtor and Creditor Law §275)**

35.     Plaintiff repeats and realleges each and every allegation contained above.

36.     The Transfer and the Payments in an amount not less than $150,476.70 were made while the Debtor's principals, owners and/or Defendants believed that the Debtor would incur debts beyond its ability to pay as such debts matured.

37.     The Transfer and Payments were made without fair consideration and constitute fraudulent conveyances as to both then present and future creditors.

38.     By reason of the foregoing, such Transfer and Payments should be avoided and Plaintiff is entitled to set aside and recover the value of the Payments in an amount to be determined at trial, which is not less than $150,476.70, plus interest, from each of the Defendants.

**FOURTH CLAIM FOR RELIEF
(Fraudulent Conveyance Pursuant to 11 U.S.C. §§548(B)(i), 548(B)(ii)(II) and 550)**

39.     Plaintiff repeats and realleges each and every allegation contained above.

40.     The Transfer and the Payments were made without the Debtor receiving a reasonably equivalent value in exchange for the transfers or obligation.

41.     At the time the Debtor made the Transfer and the Payments, the Debtor was engaged in or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

42.     By reason of the foregoing, the Transfer and the Payments should be avoided and Plaintiff is entitled to set aside and recover the value of such transfers in an amount to be determined at trial which is not less than $150,476.70, plus interest, against each of the

7

Defendants.

## FIFTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§548(B)(i) and (B)(ii)(III) and 550)

43. Plaintiff repeats and realleges each and every allegation contained above.

44. The Transfer and the Payments were made without receiving a reasonably equivalent value in exchange for the transfers or obligations.

45. At the time the Debtor made the Transfer and the Payments, the Debtor's owners, principals and/or the Defendants intended for the Debtor to incur, or believed or reasonably should have believed that the Debtor would incur debts beyond the Debtor's ability to pay as they became due.

46. By reason of the foregoing, the Transfer and the Payments should be avoided and Plaintiff is entitled to set aside and recover the value of such transfers in an amount to be determined at trial which is not less than $150,476.70, plus interest, against each of the Defendants.

## SIXTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§548(B)(i) and (B)(ii)(I) and 550)

47. Plaintiff repeats and realleges each and every allegation contained above.

48. The Transfer and the Payments were made by the Debtor without receiving reasonably equivalent value in exchange for the transfer or obligation.

49. The Debtor was insolvent at the time of the Transfer and the Payments or became insolvent as a result of such Transfer and/or the Payments.

50. The Trustee is asserting the rights of creditors whose claims arose before the Transfer and/or the Payments.

8

51.     By reason of the foregoing, the Transfer and the Payments should be avoided and Plaintiff is entitled to set aside and recover the value of such transfers in an amount to be determined at trial which is not less than $150,476.70, plus interest, against each of the Defendants.

### SEVENTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§548(a)(1)(A) and 550)

52.     Plaintiff repeats and realleges each and every allegation contained above.

53.     The Defendants caused the Transfer to voluntarily be made to the Debtor and the Payments to voluntarily be made by the Debtor with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after such Transfer or Payments were made or incurred.

54.     The Trustee is asserting the rights of creditors whose claims arose before the Code Transfers.

55.     By reason of the foregoing, the Transfer and the Payments should be avoided and Plaintiff is entitled to set aside and recover the value of such transfers in an amount to be determined at trial which is not less than $150,476.70, plus interest, against each of the Defendants.

### EIGHTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to to 11 U.S.C. §§544(b)
### and 550 and New York Debtor and Creditor Law §276 )

56.     Plaintiff repeats and realleges each and every allegation contained above.

57.     The Transfer was voluntarily made to the Debtor by the Defendants and the Payments were voluntarily made by the Debtor with the actual intent to hinder, delay or defraud

9

any present or future creditors to which the Debtor was or became obligated, on or after such Transfer or Payments were made or incurred.

58.     By reason of the foregoing, the Transfer and the Payments should be avoided and Plaintiff is entitled to set aside and recover the value of such transfers in an amount to be determined at trial which is not less than $150,476.70, plus interest and attorneys' fees, against each of the Defendants.

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in his favor and award the following relief:

A.     On the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Claims for Relief, awarding the Trustee damages in an amount to be determined at trial that is not less than $150,476.70, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and attaching the assets of each of the Defendants to prevent transfers therefrom in the foregoing amount.

B.     On all claims, awarding pre- and post- judgment interest, costs and disbursements as allowed by law.

C.     On all claims, awarding reasonable attorneys' fees as allowed by law.

D.     On all claims, allowing punitive damages, as allowed by law; and

E.     On all claims, awarding such other and further relief as may appear just and proper.

Dated: Tarrytown, New York
February 6, 2014

                                 KITTAY & GERSHFELD, P.C.
                                 Attorneys for Trustee of the Estate of
                                 Philippe Miami Sobe, LLC

                         By: /s/ Judith L. Siegel
                             Judith L. Siegel
                             100 White Plains Road
                             Tarrytown, New York 10591
                             (914) 332-8000